IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONALD MATRISCIANO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 03-3072 |
| ROGER E. WALKER, JR., Director of the Department of Corrections of the State of, Illinois, and DONALD SNYDER, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's objection to the taxation of the bill of costs.

Following the entry of summary judgment in their favor, Defendants Roger E. Walker, Jr. and Donald Snyder filed a bill of costs in the amount of $1,256.60. Plaintiff Ronald Matrisciano then filed an objection to the Defendants' bill of costs.

The Federal Rules of Civil Procedure provide that in most

1

circumstances, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). In support of his objection, the Plaintiff notes that the Defendants were both sued in their individual capacities. While the Plaintiff did not name the State of Illinois as a party to the litigation, the State of Illinois, through the Attorney General's office, voluntarily assumed the defense of Walker and Snyder. The Plaintiff claims that the State is under no obligation to represent individuals in their personal capacities. Rather, by promulgating the Illinois State Employee Indemnification Act for its employees, 5 ILCS 350/2, which provides that the Illinois Attorney General will appear on behalf of the employee and defend the action, the State has voluntarily accepted this role. The Plaintiff notes, moreover, that while the State may choose to provide representation to allow people to obtain public service jobs without the threat of being sued and owing on a judgment, the payment of fees by the State is a voluntary act undertaken by the State, and therefore places no burden on the individual and no cost to the individual.

The Plaintiff notes that in Luder v. Endicott, 253 F.3d 1020 (7th Cir. 2001), the Seventh Circuit recognized the voluntary role of the State in representing individuals in their personal capacities. That court considered whether the Eleventh Amendment barred suit against state employees in a suit under the Fair Labor Standards Act. See Luder, 253 F.3d at 1022. The Seventh Circuit observed, "The fact that the state chooses to indemnify its employees who are sued in federal court is irrelevant . . . because it is the voluntary choice of the state, not a cost forced on it by the federal court suit." Id. at 1023 (citations omitted). The Plaintiff states that in this case, the State has expended its resources to defend Walker and Snyder. The Plaintiff contends that the voluntary nature of the State's act should preempt it from receiving costs in this litigation.

The Plaintiff further notes that it is the State that is requesting the costs, not the individual Defendants. Given that the costs are to be paid from the State Treasury, See 5 ILCS 350/2, the Plaintiff claims that he has arguably already paid the costs by paying his taxes. Because the State has voluntarily chosen to represent its employees and Walker and Snyder have

not had to pay for any of their defense, therefore, the Plaintiff asserts that the Defendants' bill of costs should be denied.

In their response to the Plaintiff's objection to the bill of costs, the Defendants note first that the imposition of costs are favored and are authorized by statute. "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." See Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). "We have recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." Mother and Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003). The Defendants claim that neither situation applies to this case.

The Defendants further note that the case cited by the Plaintiff, Luder, does not stand for the proposition that costs in favor of a prevailing party should not be imposed, given that costs were not at issue in Luder. They contend that because costs are favored and because the Plaintiff has

4

cited no authority to show that costs should not be imposed, his objection should be overruled. Accordingly, the Defendants claim that costs in the amount of $1,256.60 should be taxed in their favor.

Next, the Defendants note that a court may tax as costs the fees of the court reporter for all or part of any stenographic transcript necessarily obtained for use in the case. See 28 U.S.C. § 1920. They assert that except for the deposition of the Plaintiff, all of the depositions taken in this case were taken at his request. Because the Plaintiff cannot claim these depositions were unnecessary, therefore, the Defendants allege these costs should be taxed. The Defendants further contend that the Plaintiff's deposition was used by them to learn about the Plaintiff's allegations. Accordingly, those transcripts were used to prepare the motion for summary judgment. The Defendants also note that the Plaintiff has not made any objections to any specific items. For these reasons, the Defendants claim that costs should be taxed in full.

Based on the general presumption in favor of awarding costs to a prevailing party, the Court finds that costs are appropriate in this case.

There is no indication that the Defendants have engaged in misconduct or that the Plaintiff is indigent. The Plaintiff has failed to show that an award of Rule 54 costs would be inappropriate in this case.

As the Defendants note, moreover, the Plaintiff has not objected to any specific items listed in their bill of costs. Accordingly, the Court finds that taxes should be imposed in the full amount of $1,256.60.

Ergo, the Plaintiff's objection to the Defendants' bill of costs [d/e 62] is DENIED. Therefore, costs are taxed in favor of the Defendants and against the Plaintiff in the amount of $1,256.60.

ENTER: May 1, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge